## ERWIN v. SOUTHERN RAILWAY.

MAGISTRATE COURT—JURISDICTION—GARNISHMENT.—The record of a court of limited jurisdiction in garnishee proceedings in a foreign State must show affirmatively that the garnishee, a foreign corporation, had submitted itself to the jurisdiction of the courts of that State, to make such judgment binding on the parties in Courts in this State.

15—71.

Before GARY, J., Cherokee, June, 1904.    Affirmed.

Action by Bob Erwin in magistrate court against South-
ern Railway. From Circuit judgment reversing magis-
trate judgment, defendant appeals.

*Messrs. B. L. Abney* and *Butler & Osborne* and *R. H.
Welch,* for appellant.    *Mr. Welch* cites: 14 Ency., 2 ed.,
805; 1 S. C., 158; 50 Minn., 405; 61 Vt., 295; 2 Shinn on
Attachment and Garnishment, sec. 626; 68 Fed. R., 685;
36 Am. St. R., 167; 48 Id., 626; 30 Id., 889; 32 Id., 316;
72 Fed. R., 32; 40 Am. R., 581; 34 Am. St. R., 74; 47 Am.
R., 497.

*Messrs. Hall & Willis,* contra, cite: Code of Proc., 182;
N. C. Code of 1883, sec. 262; 16 U. S., 65; 18 U. S., 35; 13
Ency., 2 ed., 1008, 991, 995, 996; 28 S. C., 179; 9 Ency.
P. & P., 809; 45 S. C., 344; 66 S. C., 91; 68 S. C., 236; 124
N. C., 467; 126 N. C., 223; 26 Ency., 2 ed., 163; 109 Ga.,
354; 19 L. R. A., 577; 14 Ency., 2 ed., 803; 51 L. R. A.,
715; 22 L. R. A., 287; 51 L. R. A., 715; 45 L. R. A., 257;
48 L. R. A., 452; Rice, 16; 7 Cranch., 481; 13 Ency., 981,
988, 991; 52 S. C., 519.

## STATEMENT OF FACTS.

The facts are thus stated in the judgment of the Circuit
Court: "This is an appeal from magistrate court. The
plaintiff brought his action against the defendant in that
court, to recover the sum of $36.00, due him by the defend-
ant. The defendant does not deny the correctness of the
amount due to the plaintiff, but claims as a defense that
heretofore in the magistrate's or justice's court, of M. R.
Collins, in North Carolina, in an action brought by D. R.
Bird against Bob Erwin, and in which the defendant, South-
ern Railway Company, was garnisheed for the amount of
$22.40 on account of the debt upon which plaintiff now sues,
and that judgment was duly obtained against this defendant
for the said amount by reason of which it is entitled to an
abatement of its liability to this plaintiff for that amount,

and offered in writing before the trial of the case in magistrate Bridges' office to allow judgment against it for the sum of $13.60, and costs accrued up to that time, which offer was refused. The plaintiff attacked the judgment of Bird in the garnishment proceedings on various grounds affecting the jurisdiction of the court in that proceeding, which grounds are made the basis of exceptions to this Court. I do not deem it necessary to pass upon all the grounds, for from all the records in the case and from the testimony, I find that the defendant did owe the plaintiff the sum of $36; that the plaintiff is a resident of the State of South Carolina, and the debt due him by the defendant was payable to him by the defendant in Blacksburg, State of South Carolina. I find that the defendant, Southern Railway, is a citizen of the State of Virginia and domiciled there. I also find and hold that the plaintiff had no property whatever in North Carolina, in the possession or under the control of the defendant; that the debt due to the plaintiff by the defendant had no *situs* in North Carolina, hence there could be no valid attachment, and in the absence of any valid attachment, the court of M. R. Collins was without jurisdiction. I, therefore, hold that the plaintiff is entitled to recover from the defendant the whole amount of the debt due him, to wit: the sum of $36.

"It is, therefore, ordered and adjudged, that the plaintiff, Bob Erwin, have judgment against the defendant, the Southern Railway Company, for the sum of $36 and for the cost of this action."

The defendant appealed on the following exceptions:

"1. In holding under the evidence that the attachment or garnishment in the case of D. R. Bird against Bob Erwin in North Carolina was not valid to the extent of $22.40, and that the judgment in said proceeding was not binding upon the defendant, and did not relieve them to that extent in this action, it being submitted that such attachment under the

evidence was valid and judgment thereon relieves defendant
from liability in this action to the extent of $22.40.

"2. In holding that the magistrate in North Carolina was
without jurisdiction to issue a valid attachment of garnish-
ment in the action in North Carolina; whereas, it is sub-
mitted that he did have jurisdiction, and the judgment
thereon should have been allowed as a valid defense to the
extent of said judgment in this action.

"3. In holding that the defendant did not have any prop-
erty belonging to the said Robert Erwin in North Carolina
that was subject to attachment or garnishment, and in hold-
ing that the Southern Railway Company was not liable as
garnishee in said action in North Carolina; whereas, it is
submitted that this defendant was liable as garnishee in said
action, and said court had jurisdiction to attach said debt.

"4. In holding that said Erwin did not owe D. R. Bird
anything at the time of said attachment suit; it being sub-
mitted that there was no competent evidence to support such
finding, and such question could not be raised in this action
as against said attachment judgment.

"5. In holding that the Southern Railway Company could
not be made liable as garnishee in a North Carolina suit
because of being a citizen of the State of Virginia, the error
being that it was so liable under the evidence, no matter
what State it was a citizen of.

"6. In not confirming the judgment of the magistrate, it
being submitted that said judgment was in accordance with
the evidence and law, and his Honor erred in not so holding.

"7. In holding that the defendant did owe the plaintiff
the sum of $36, it appearing that $22.40 of said debt was
duly and legally attached in the action of D. R. Bird against
Bob Erwin in North Carolina, and that such attachment
relieved the defendant to that extent in this action.

"8. Error in refusing and failing to give due force and
effect to a judgment of a Court of a sister State, as required
by law."

### OPINION.

March 23, 1905. The opinion of the Court was delivered by

MR. JUSTICE GARY. (After stating the foregoing facts.) The judgment in the garnishment proceedings was rendered by a court of limited jurisdiction. It was, therefore, necessary that the exemplification of the record should show upon its face that the court had jurisdiction of the *res*—the debt due by the Southern Railway Co. to Bob Erwin. In order to acquire jurisdiction of the *res,* it was essential that the court should have had jurisdiction of the Southern Railway Co., the garnishee, as the *res* follows the debtor wherever his domicil may be. It was, therefore, likewise necessary that this fact should appear upon the face of the proceedings as it was jurisdictional.

The principle is thus stated in Cooley's Con. Lim.. p. 500: "It is not to be assumed that a court of general jurisdiction has in any case proceeded to adjudge upon matters over which it had no authority; and its jurisdiction is to be presumed whether there are recitals in its records to show it or not. On the other hand, no such intendment is made in favor of the judgment of a court of limited jurisdiction, but the recitals contained in the minutes of proceedings must be sufficient to show, that the case was one which the law permitted the court to take cognizance of, and that the parties were subjected to its jurisdiction by proper process."

To the same effect is Black on Judgment, section 936, where the author says: "A judgment rendered by an inferior court of another State may be impeached by proof that the court had no jurisdiction of the subject matter. And, in accordance with the general rule that no presumptions can be indulged in favor of the validity of the proceedings of inferior courts, it is held that the record of such judgment must show on its face all the requisites to its validity." In section 910 of the said volume, we likewise find the following principle announced: "It is a well established rule of

interstate or international law that the courts of another State will not receive as evidence of a foreign judgment in a suit brought upon it, any record thereof, which does not show upon its face that the defendant, if a foreign corporation, was doing business in that State. This is a substantive jurisdictional averment that must affirmatively appear and not be left to any inference from the bare return of the officer that he has served an 'agent' of the company."

Without committing this Court to the full extent of the doctrine last expressed, we nevertheless regard it as specially applicable to a judgment rendered by a court of limited jurisdiction. The exemplification introduced in evidence fails to show that the defendant was incorporated under the laws of North Carolina or that it was doing business in that State. It is true, one of the witnesses testified upon the trial before the magistrate in this State, that the Southern Railway's line runs through the State of North Carolina, but this fact was jurisdictional and should have appeared upon the face of the exemplified proceedings. This Court cannot take judicial notice of the laws of North Carolina, nor of the fact that the defendant's railroad runs through the State.

The Court in the case of *R. Co.* v. *Ferry Co.,* 119 U. S., 615, 622, when considering the provision of the Constitution of the United States, which requires the courts of one State to give full faith and credit to the public acts of another, uses this language: "Whenever it becomes necessary under this requirement of the Constitution for a court of one State, in order to give faith and credit to a public act of another State, to ascertain what effect it has in that State. the law of that State must be proved as a fact. No court of a State is charged with knowledge of the laws of another State; but such laws are in that court matters of fact, which, like other facts, must be proved before acted upon. This Court and the other courts of the United States, when exercising their original jurisdiction, take notice without proof

of the laws of the several States of the United States; but in this Court, when acting under its appellant jurisdiction, whatever was matter of fact in the Court, whose judgment or decree is under review, is matter of fact here. This was expressly decided in *Hamley* v. *Donoghue,* 116 U. S., 1, 29 L. ed., 533, 6 Sup. Ct. Rep., 242, in respect to the faith and credit to be given by the Courts of one State to the judgments of the Courts of another State, and it is equally applicable to the faith and credit due in one State to the public acts of another."

As it does not appear upon the face of the proceedings that the Southern Railway Co. had subjected itself to the jurisdiction of the Courts in North Carolina, it necessarily follows that the Courts pronouncing judgment had no jurisdiction over the subject matter—the debt—which cannot be garnisheed where the garnishee might not be sued.

His Honor, the Circuit Judge, therefore, ruled correctly upon the question of jurisdiction.

This conclusion practically disposes of all the exceptions.

It is the judgment of this Court, that the judgment of Circuit Court be affirmed.