6867

### RYKARD v. SEABOARD AIR LINE RY.

GARNISHMENT—JURISDICTION.—The record of a court of limited juris-
diction in a foreign State in garnishee proceedings must show affirma-
tively that court had jurisdiction of garnishee before the garnishee
can set up such proceedings as a bar to an action in this State.
*Here* the record does not show the court acquired jurisdiction of
the garnishee, or that garnishor had obtained judgment against his
debtor, or that process had been served requiring appearance of
debtor at the return term of the court, or that the nonresident debtor
had been served by publication as provided by laws of Georgia.
MR. JUSTICE WOODS *dissents.*

Before PURDY, J., Greenwood, April, 1907.   Affirmed.

Action by L. H. Rykard against Seaboard Air Line Rail-
way.   From order on Circuit affirming judgment of magis-
trate, W. G. Austin, defendant appeals.

*Messrs. Glenn & McFadden,* for appellant. *Mr. Glenn* cites: *A non-resident may be garnished in Georgia:* 57 S. E., 104. *The garnishment proceedings in Georgia are binding on plaintiff:* 198 U. S., 215; 200 U. S., 176.

*Messrs. Sheppard, Grier* and *Park,* contra. *Messrs. Grier* and *Park* cite: *This case is controlled by Erwin's case:* 71 S. C., 229. *The record does not show the Atlanta Court acquired jurisdiction of garnishee:* Code of Ga., Secs. 4710, 4726, 4974, 4975, 4732; 90 Ga., 42; 94 Ga., 247; 20 Cyc., 1033; Acts of Ga., No. 600.

April 14, 1908. The opinion of the Court was delivered by

MR. CHIEF JUSTICE POPE. This action was commenced in the court of magistrate Austin, Greenwood County, State of South Carolina, on the 18th day of July, 1906. The defendant was served with summons and written complaint. The summons and complaint demanded judgment for $80.00. The action was for two months' wages (May and June, 1906), due the plaintiff by the defendant, at the rate of forty dollars per month. The defendant appeared and pleaded orally to the written complaint of the plaintiff. The magistrate took down the answer made by the defendant, which appears in the record.

The magistrate, after taking testimony, offered both by plaintiff and defendant, and after hearing argument by counsel for both parties, gave judgment against the defendant for the full amount sued for, and for costs.

The defendant duly served notice of appeal from the said judgment, with grounds thereof, to the Circuit Court.

The appeal to the Circuit Court was heard before Judge R. O. Purdy, who confirmed the judgment of the magistrate.

From the order of Judge Purdy, confirming the judgment of the magistrate, the defendant, within proper time, gave

notice of intention to appeal to this Court, and now asks this Court to reverse the judgment of the Circuit Judge and dismiss the complaint.

It seems that the Greenwood Grocery Company, which was a corporation under the laws of the State of South Carolina, brought action against L. H. Rykard to obtain judgment against him for the sum of one hundred and twenty-six and 26-100 dollars and the costs of the action. The defendant failed to appear or to answer the complaint in said case. On the first day of April, 1904, Judge D. A. Townsend, as Circuit Judge of the Circuit Court of the State of South Carolina, made his judgment against Rykard for the said sum of one hundred and twenty-six and 26-100 dollars and costs. At the March term, 1904, the said judgment rendered by Judge Townsend was entered up for said sum of one hundred and twenty-six and 26-100 dollars and three dollars and fifty cents costs. Upon said judgment an execution was issued against L. H. Rykard to recover said one hundred and twenty-six dollars and twenty-six cents plus four dollars costs. No return was entered by the sheriff; thereupon the Greenwood Grocery Company, suing as a corporation, sought in the city court of Atlanta, State of Georgia, to garnishee to the amount of one hundred and twenty-six and 26-100 dollars and costs thereon, against the Seaboard Air Line Railway Company; profert was made of the certified copy of the proceedings of the Court of Common Pleas for the County of Greenwood, State of South Carolina, detailing specifically each act and proceeding entering into the judgment of said Court of Common Pleas of Greenwood County, South Carolina; service made of a notice that the said L. H. Rykard, otherwise called Harris Rykard, was indebted to the said Greenwood Grocery Company in the sum of one hundred and twenty-six and 26-100 dollars and interest, and that said Harris Rykard resided beyond the limits of the State of Georgia. This notice was issued by Walter P. Ormond, N. P. and Ex. Off.

J. P., 1234th District G. M.   On the 18th of June, 1906,
the Greenwood Grocery Company, as principal, and J. E.
Scott, as surety, acknowledged themselves bound unto L.
H. Rykard in the sum of two hundred and sixty-two dollars,
subject to the following condition: "The undersigned is
seeking an attachment against the said obligees herein,
which is now about to be sued out, returnable to the July
term, 1906, of the city court of Atlanta.   Now, if the said
principal shall pay all damages that the said obligee may
sustain, and also all costs that may be incurred by him in
consequence of suing out said assessment, in the event that
the said principal shall fail to recover in said case, then this
bond to be void."   On the same day Walter E. Ormond,
N. P. and Ex. Off. J. P., 1234 District, G. M., issued his
process whereby he commanded all and singular the sheriffs
and constables of said State to attach and seize so much of
the property of Harris Rykard as to make the sum of one
hundred and twenty-six and 26-100 dollars, with interest
and all costs, and also that they make return of the attach-
ment, with their actions and doings thereon, to the next
term of the court to which the attachment is made return-
able in foregoing bond.

On the 11th day of August, 1906, J. B. Martin, L. C.,
made his return, wherein he stated that on the 8th day of
June, 1906, at the hour of        M., he executed the said
attachment by serving the summons of garnishment upon
the Seaboard Air Line Railway Company by serving J. A.
Douglass, chief clerk.   On the 25th day of July, 1906, J.
A. Douglass made return in writing, wherein he stated that
he is chief clerk to the superintendent of the Seaboard Air
Line Railway Company, garnished in the above stated case,
and the person duly authorized to answer in the premises,
deponent says the garnishee owes the defendant nothing,
and had no money, property or effects of his at the time of
the service of the garnishment, except that the garnishee
is indebted to the defendant in the sum of eighty dollars,

for wages earned in its employ in the State of South Carolina; said contract was entered into in the State of South Carolina, was to be performed there, and the sum is due and payable in the State of South Carolina, and is not reachable by process of garnishment in this State, and he further says that said funds due by the garnishee to the defendant are without the jurisdiction of this court. Deponent further says that the garnishee has put it to the expense of five dollars in making this return, and he prays that the garnishment proceeding, so far as the garnishee is concerned, be dismissed with an allowance for his cost of five dollars.

The Greenwood Grocery Company then excepted "that it is no defense to the attachment that the garnishee made a contract with the defendant for his services in the State of South Carolina. 2. It is no defense to the garnishment served on garnishee that the defendant is a day laborer, and that the money due him is due as a day laborer and is exempt from the process of garnishment. The exemption laws of our State are for the benefit of our citizens of this State and have no extra territorial effect, and could not apply to a resident of the State of South Carolina. 3. That the question of the *situs* of debt set up in the answer of the garnishee is not a proper defense and will not justify the garnishee in withholding the fund answered for the reason that the *situs* of the debt is fixed by the Act of 1904 on page 100 of the Georgia laws." This notice was served on the 20th day of August, 1906.

Georgia Code, Vol. II (1895); Chapter 3, Of Attachments; Article I, of Issuing Attachments.

S. 4510 (3264). *"Grounds of Attachment.* Attachments may issue in the following cases: 1. When the debtor resides out of the State 2. When he is actually removing or about to remove without the limits of the county. 3. When he absconds. 4. When he conceals himself. 5. When he resists legal arrest. When he is causing his property to be removed beyond the limits of the State."

S. 4511 (3265). *"By Whom Affidavit May Be Made.* Before process of attachment may issue the party seeking the same, his agent or attorney at law shall make an affidavit before some judge of the superior court, judge of the county court, or justice of the peace, or notary public *ex officio* justice of the peace, that the debtor has placed himself in some one of the positions enumerated in this Code, and also the amount of the debt claimed to be due. When the affidavit is made by the attorney at law, or agent of the party, he may swear that the amount claimed to be due is due according to the best of his knowledge and belief."

S. 4512 (3266). *"Plaintiff to Give What Bond and Security.* The party seeking the attachment before the same issues shall also give bond, with good security, in an amount at least double the debt sworn to, payable to the defendant in attachment, conditioned to pay such defendant all damages that he may sustain, and also all costs that may be incurred by him in consequence of suing out the attachment, in the event that the plaintiff shall fail to recover in said case; which bond it shall be the duty of the magistrate or other officer before whom the affidavit is made to take, and where the affidavit is made by the agent or attorney at law of the plaintiff such agent or attorney at law is hereby authorized to sign the name of the principal, who shall be bound thereby in the same manner as though he signed it himself: *Provided, however,* That the amount of the bond required by this section shall not exceed the sum of twenty thousand dollars, but said bond may be increased as hereinafter provided."

S. 4514 (3268). *"Who Shall be Surety on Bond.* No person shall be taken as surety on any attachment or garnishment bond who is an attorney for the plaintiff or a nonresident of this State, except such non-resident is possessed of real estate in the county where the attachment or garnishment issue of the value of the amount of such bond."

S. 4515 (3269). "*Attachment—Who May Issue.* Affidavit being thus made and bond given, it shall be the duty of the officer before whom such affidavit is made and bond given, or any officer authorized so to do, to issue an attachment against the defendant, which may be levied on the property of the defendant, both real and personal, if to be found in this State."

S. 4534 (3288). "*May be Served by Service of Garnishment.* Service of the attachment by serving process of garnishment shall be as effectual for all purposes as though the attachment had been served by levying the same upon the property of the defendant."

S. 4549 (3302). "*Garnishment—How Obtained.* In all cases where attachment may issue it shall be the duty of the magistrate or other officer issuing the same at the request of the plaintiff, his agent or attorney at law, to issue summons of garnishment, directed to any person who may be indebted to or have the property or effects of the defendant in their hands, requiring them to appear at the court to which the attachment is returnable, then and there to depose on oath that they were indebted to the defendant at the time of the service of said garnishment, or what property or effects of his they have in their hands, or had at the time of said service of summons and garnishment, and it shall be the duty of the officer levying such attachment to serve such summons of garnishment."

S. 4552 (3305). "*If the Garnishee Admits Effects.* When the garnishee appears and admits that he is indebted to, or has property or effects in his hands belonging to the defendant in attachment, judgment shall be rendered against him in favor of the plaintiff for such acknowledged indebtedness, and the property and effects, whatever they may be, shall be delivered into the hands of the sheriff or constable, as the case may be, or, by the order of the court, shall be by him sold, and the money arising from such sale shall be subject to the order of the court, and in case the garnishee fails

to deliver over such property or effects to the officer as aforesaid it shall be lawful for the court to attach him as for contempt; the property and effects so surrendered and delivered into the hands of the officer, as aforesaid, shall be sold at such time and place and after such notice given as the court ordering the same shall direct."

S. 4710. "*Garnishment Upon Corporation — How Served.* Service of the summons of a garnishment upon the agent in charge of the office or business of the corporation in the county or district at the time of service shall be sufficient."

S. 4726 (3547). "*Judgment.* The plaintiff shall not have judgment against the garnishee until he has obtained judgment against the defendant."

S. 4732 (3554). "*Laborers' Wages Exempt from Garnishment.* All journeyman mechanics and day laborers shall be exempt from the process and liabilities of garnishment on their daily, weekly or monthly wages, whether in the hands of their employers or others."

S. 4974 (3334). "*Process to be Annexed.* To every petition the clerk shall annex a process (unless the same be waived) signed by the clerk or his deputy, bearing test in the name of a judge of the court, and directed to the sheriff or his deputy, requiring the appearance of the defendant at the return term of the court."

S. 4975 (4185). "*Service on Non-Residents.* If the defendant in equitable proceedings does not reside in the State service of the petition or any order of the court may be made by publication. If the non-resident is represented in court by an attorney at law or in fact, service on such attorney shall be sufficient. And in all cases not embraced within the foregoing provisions the judge may prescribe for extraordinary service, according to the exigencies of such case."

*Attachment Against Non-Resident-Situs of Debt.*

"An act providing for the situs of debts due to non-residents for purposes of attachment and for other purposes.

Section 1. "Be it enacted by the General Assembly of the State of Georgia that from and after the passage of this act when any suit is brought by attachment in this State against a non-resident of this State, and the attachment is levied by service of summons and garnishment, the *situs* of any debt due by the garnishee to the defendant shall be at the residence of the garnishee in this State, and any sum due to the defendant in attachment shall be subject to said attachment.

Section 2. "Be it further enacted that all laws and parts of laws in conflict herewith are herewith repealed."

The defendant, the Seaboard Air Line Railway Company, has appealed upon nine grounds.

The proceedings in garnishment in the State of Georgia can not operate to relieve the defendant of the debt sued for here because it has been held in this State, in the case of *Erwin* v. *Southern Railway Company*, 71 S. C., 225, 50 S. E., 778, "that the record of a court of limited jurisdiction in garnishee proceedings in a foreign state must show affirmatively that the garnishee, a foreign corporation, had submitted itself to the jurisdiction of the courts of that State to make such judgments binding on the parties in the courts of this State."

The city court of Atlanta is a court of inferior jurisdiction, and it is required that such courts shall show affirmatively that it had jurisdicition of the garnishee; it has not done that, as appears by the records of such court, made up as required by the Code of the State of Georgia.

Section 4726 of the Code of Georgia states that the plaintiff shall not have judgment against the garnishee until he has obtained judgment against the defendant; this has not been done.

Again, the requirement of 4974 of the Georgia Code has not been complied with, as appears by the record itself.

Again, 4975 of the Code of Georgia provides that the service of the petition in the case of a non-resident must be by publication. The record fails to disclose any service of the defendant by publication.

In 20 Vol. Cyc., page 1033, it is said: "It is necessary for the court to have jurisdiction of the principal action in order to give it jurisdicition in garnishment proceedings. Where a court had failed to acquire jurisdiction of the defendant in the principal action by any methods authorized by statute garnishment proceedings based on the principal action are void."

Again, Section 4974 of the Georgia Code says: "The clerk shall annex, etc." The record here shows that there has been no compliance with this section.

The Act of the State of Georgia, No. 600, which we have reproduced, shows that its object was to provide for the *situs* of debt due to non-residents for purposes of attachment and for other purposes; that is the object of that act, and it is not in conflict with Section 4732 of the Georgia Code, which section exempts the wages of residents and all persons; of course, non-residents are included; it would be illegal, because unconstitutional, for the legislature of Georgia to exempt its own residents who are day laborers and refuse the same privileges to the same class of non-residents; it would be in violation of Article 14 of the Constitution of the United States, if non-residents of the State of Georgia, who earn wages as day laborers, are exempted from garnishment for debt. This whole proceeding is void.

After a careful consideration of these matters, we hold that the judgment of Judge Purdy, affirming the judgment of the Magistrate W. G. Austin, is affirmed.

MR. JUSTICE WOODS, *dissenting.* I am unable to concur in the affirmance of the judgment of the Circuit Court.

There was enough in the record of the garnishment proceed-
ings in the city court of Atlanta to show that court had jur-
isdiction of the Seaboard Air Line Railway Company, the
garnishee.   The record shows the summons was served by
delivery to J. A. Douglass, chief clerk, and Douglass, as
chief clerk, submitted an affidavit in the nature of a sworn
answer on behalf of the railway company.   The case, there-
fore, is not controlled by *Erwin* v. *Ry. Co.,* 71 S. C., 225, 50
S. E., 778.

The case of *Harris* v. *Balk,* 198 U. S., 215, 49 L Ed.,
1023, seems to me decisive of the issues here involved.   In
that case a garnishment proceeding was served in Baltimore
on Harris, a resident of North Carolina, to subject a debt
due by him to Balk, another resident of North Carolina, to
the payment of a debt due by Balk to Epstein, a resident of
Baltimore.   The court held that although Harris was in
Baltimore only temporarily, and made no defense to the
garnishment proceedings, yet judgment in the proceedings
was a good defense to Balk's action against him on the debt
in the courts of North Carolina.   It was further held that
Harris was bound to give Balk notice of the garnishment
proceedings in order that he might have the opportunity to
appear therein and defend against them.   But it was further
held the setting up by Harris of the garnishment as a
defense to Balk's suit was sufficient notice, as at that time
it was not too late for Balk to take steps to make any defense
he had to the garnishment proceedings.

By this authority the defense in this action was sufficient
notice to the plaintiff to defend garnishment proceedings in
Atlanta.   Those proceedings were still pending when this
action was commenced, and the plaintiff, Rykard, should
assume the burden of testing their validity.   To hold other-
wise would be to require the defendant, a mere stakeholder,
to undertake to litigate to a final adjudication, at its own
cost and risk, a contest in which it has no interest whatever,
between the plaintiff and the Greenwood Grocery Company.