### 10829

#### MITCHUM v. BARKSDALE *ET AL.*

##### (110 S. E. 673)

1. GARNISHMENT—NO JUDGMENT AGAINST GARNISHEE IN ABSENCE OF VALID JUDGMENT AGAINST DEFENDANT IN GEORGIA.—Under Civ. Code Ga., 1910, § 5292, plaintiff cannot have judgment against garnishee until he has obtained a valid judgment against a defendant who has been made a party by personal service in the State, by publication, or emergency method authorized by Section 5553.

2. GARNISHMENT—SITUS OF GARNISHEE FUNDS AT RESIDENCE OF GARNISHEE.—Under Civ. Code Ga., 1910, § 5095, providing that the situs of any debt due by a garnishee shall be at the residence of the garnishee in the State, no judgment could be rendered against a garnishee residing in another State.

3. GARNISHMENT—DEBT SUBJECT-MATTER OF SUIT IN ONE STATE NOT BASIS OF GARNISHMENT IN ANOTHER.—Where a suit was commenced in the State against a resident to recover an indebtedness, defendant was not protected by a garnishment proceeding subsequently instituted in another State based on such indebtedness.

Before MAULDIN, J., Aiken, 1921. Reversed and remanded.

Action by C. M. Mitchum against J. L. Barksdale et al. Directed verdict for defendants and plaintiff appeals.

*Messrs. John F. Williams* and *John R. Stansfield,* for appellant, cite: *Courts may require notice to defendant in garnishment in absence of statute*: 12 R. C. L., 830. *Prior garnishment in one State bar to subsequent garnishment in another State*: 12 R. C. L., 830, 97 Mass., 107, 2 Mills. Const. Rep., 456. *Georgia judgment subject to attack here*: 44. S. C., 213. *No judgment can be had against garnishee until plaintiff has judgment against defendant*: Sec. 5292, Ga. Code; 71 A. S. R., 280.

*Messrs. Hendersons* and *John J. Jones,* for respondents, cite: *Garnishment proceedings in Georgia*: 1 Code Laws Georgia, 1911, Sec. 5094 et seq.; 128 Ga., 152. *In foreign State*: 17 A. S. R., 921. *No personal service necessary*: 198 U. S., 224.

February 27, 1922.

The opinion of the Court was delivered by MR. JUSTICE COTHRAN.

Action upon an account of $375 for goods sold by the plaintiff to the defendants on April 10, 1920, the purchase price being $400, payable $25 cash, which was paid, and $375 on April 12, 1920, two days thereafter. The defendants answered, admitting the debt due by them to the plaintiff, but alleging that it had been attached in their hands under a garnishment proceeding issued by a justice of the peace, returnable to the Superior Court of Richland County, Ga., at the suit of Hankinson & Haigler, upon a claim of $400 due by the plaintiff herein, C. M. Mitchum, to them. Upon the introduction of the record of said procedings and proof of payment by Barksdale & Churchill, garnishees of the amount of the debt, into the Superior Court, Judge Mauldin directed a verdict in favor of the defendants.

The following facts were developed upon the trial:

On April 10, 1920, the plaintiff, Mitchum, who had been a tenant of Hankinson & Haigler, in the State of Georgia, and who was indebted to them in the sum of over $400, and who also was indebted to Barksdale & Churchill in a considerable amount, met with all of these parties in the office of Hankinson & Haigler, in the city of Augusta. Barksdale & Churchill were endeavoring to collect their claim against Mitchum and hoped that Hankinson & Haigler would advance it for Mitchum; they declined to do so. Barksdale & Churchill then made a trade with Mitchum for two mules and certain personal property, in a settlement of matters between them: Barksdale & Churchill agreeing to cancel Mitchum's indebtedness, and pay him $25 cash and $375 on the Monday following the Saturday upon·which the trade was made. Hankinson & Haigler, having knowledge of this trade, procured a garnishment on that Saturday afternoon, and served it upon Barksdale & Churchill. On the following Monday Mitchum made demand upon Barksdale & Churchill for the $375 balance due on the trade, but was informed by Barksdale & Churchill that they could·not pay it on account of the garnishment proceedings. The Code of Georgia requires that the declaration in garnishment shall be filed and the attachment made returnable at the next term of the Superior Court. This was not done, and the proceedings perished.

On July 2, 1920, Mitchum instituted this action against Barksdale & Churchill upon the balance of $375 due to him on the trade. For some reason unexplained, the defendants did not put in an answer until August 7th. In the meantime the attorney for Hankinson & Haigler, appreciating the fact that the first garnishment proceeding had gone by the board, on August 3d instituted a second proceeding and had it served upon Barksdale & Churchill. Mitchum at that time was a resident of this State. The

record does not show that he was served personally, by publication, or·in any other way with the summons in the main action to which the garnishment proceeding was ancillary.

On November 22, 1920, Barksdale & Churchill, garnishees, answered the "summons of garnishment," admitting that they owed the debt.. That was more than four months after the garnishment was instituted. ·They answered by the attorney who represented Hankinson & Haigler. Thereafter, on ·January 10, 1921, the matter came up for trial in the Superior Court, and a verdict was rendered in favor of Hankinson & Haigler for $463.40, in the main cause. As before stated, Mitchum had not been made a party to that action by service of summons. Thereupon judgment was entered as follows:

(1) A special judgment in favor of Hankinson & Haigler against Mitchum for $375, that being the amount due to him by Barksdale & Churchill; (2) a judgment against Barksdale & Churchill for $375; (3) a general judgment against Mitchum for $463.40.

The defendants in the action at bar, having complied with the judgment of the Court in the garnishment proceeding by paying the amount which they owed to Mitchum into Court, present that record and that payment as a shield from the plaintiff's attack in this action. The efficacy of their defense depends upon the validity of the garnishment proceedings, in obedience to which they have already paid the amount they owed Mitchum.

The garnishment proceeding must be declared invalid and ineffectual to protect Barksdale & Churchill upon the following grounds:

1. Georgia Code, § 5292,· provided that the plaintiff in an attachment suit shall not have judgment against the garnishee until he has obtained judgment against the defendant. This of course means a valid

judgment, and not such a one as was entered in this case upon the trial in January, 1921, in an action to which the debtor had not been made a party by personal service in Georgia, by publication, or by any emergency method apparently authorized by Section 5553. *Rykard v. Railroad Co.,* 80 S. C., 52; 61 S. E., 252.

2. Georgia Code, § 5095, provides that—

"The situs of any debt by the garnishee ⁘ * * shall be at the residence of the garnishee in this State."

The garnishees Barksdale & Churchill did not reside in Georgia, and hence there was no property in that State upon which the ganishment proceeding could operate.

3. The first garnishment proceeding having perished, the second proceeding under which the defendants claim protection was begun on August 3, 1920, after the present action was instituted. The precise point is ruled in the case of *Lowenstein v. Levy,* 212 Fed., 383, 129 C. C. A., 59, citing several cases sustaining that position, upon the ground that the Court of the State where the garnishment debtor resided had effected a prior seizure of the property which involved its exclusive jurisdiction.

The judgment of this Court is that the case be remanded to the Circuit Court, with instructions to direct a verdict for the plaintiff under rule 27 (90 S. E., xii).

MR. CHIEF JUSTICE GARY and MR. JUSTICE FRASER concur.

MR. JUSTICE WATTS did not participate on account of illness.